## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JODI BLAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| WINDHAM PROFESSIONALS, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

JODI BLAIR (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against WINDHAM PROFESSIONALS, (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in the state of Alabama.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national corporation with a business office in Chicago, Cook County, Illinois.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt owed in a student loan.

13. Defendant threatened to file a lawsuit against Plaintiff while seeking and demanding payment for the alleged consumer debt. To date, no lawsuit has been filed.

14. Defendant leaves threatening voice mails on Plaintiff's answering machine in an attempt to intimidate Plaintiff into making payments on the alleged debt.

15. Defendant contacted Plaintiff at her place of employment despite having knowledge that Plaintiff cannot accept such calls.

16. Defendant threatened to repossess Plaintiff's assets, specifically Plaintiff's car and home, while seeking and demanding payment for the alleged consumer debt.

17. Defendant threatened to harass Plaintiff's relatives while seeking and demanding payment.

18. Defendant threatened to garnish Plaintiff's wages while seeking and demanding payment for the alleged consumer debt. To date no wages have been garnished.

19. Defendant fails to properly identify itself when seeking and demanding payment for the alleged consumer debt. Defendant place collection calls from blocked and private numbers.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

    b. Defendant violated *§1692c(a)(3)* of the FDCPA by contacting Plaintiff at her place of employment despite having knowledge that Plaintiff cannot accept such calls.

    c. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

    d. Defendant violated *§1692d(2)* of the FDCPA by using abusive language in an attempt to collect the alleged debt.

    e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    f. Defendant violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.

    g. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character nature, and legal status of the debt.

    h. Defendant violated *§1692e(4)* of the FDCPA by threatening that the nonpayment of the alleged debt will result in seizure, garnishment, or attachment.

    i. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

    j. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt.

    k. Defendant violated *§1692f* of the FDCPA by engaging in unfair an unconscionable means in an attempt to collect the debt.

WHEREFORE, Plaintiff, JODI BLAIR, respectfully requests judgment be entered against Defendant, WINDHAM PROFESSIONALS, for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:_____/s/ Adam J. Krohn_____
[ ]Adam Krohn
Attorneys for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison Street
10th Floor
Chicago, IL 60602

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JODI BLAIR, demands a jury trial in this case.

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF ILLINOIS

Plaintiff, JODI BLAIR, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JODI BLAIR, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

10-22-09
Date

JODI BLAIR